WO                                                                                                  KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Frank Pauline, Jr. | ) | No. CV 10-248-PHX-GMS (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Chris Loos, et al., | ) | |
| Defendants. | ) | |

On February 2, 2010, Plaintiff Frank Pauline, Jr., who is confined in the Corrections Corporation of America-Saguaro Correctional Center in Florence, Arizona, filed a *pro se* Complaint (Doc. #1). In a March 4, 2010 Order, the Court directed Plaintiff to pay the $350.00 filing fee or file an Application to Proceed to Proceed *In Forma Pauperis*. Plaintiff filed a deficient Application to Proceed on March 15, 2010, which the Court denied with leave to re-file. On April 9, 2010, Plaintiff filed a second Application to Proceed *In Forma Pauperis* and certified account statement. On May 4, 2010, the Court granted the second Application to Proceed and dismissed the Complaint with leave to amend.

On May 14, 2010, Plaintiff filed a "Clarification" in which he asks that the Court review Plaintiff's Complaint as originally filed. The Court will treat the "Clarification" as a motion for reconsideration of the screening Order and will deny it.

First, the Court notes that Plaintiff's Complaint was dismissed for failure to allege a jurisdictional basis. Accordingly, the Court cannot accept Plaintiff's Complaint in its original form. See Watson v. Chessman, 362 F. Supp. 2d 1190, 1194 (S.D. Cal. 2005) ("The

court will not . . . infer allegations supporting federal jurisdiction; federal subject matter [jurisdiction] must always be affirmatively alleged.").

Further, to the extent that Plaintiff asserts he is filing a copyright complaint and not a civil rights complaint, and should therefore be allowed to proceed without use of the form, Plaintiff is mistaken. Local Rule of Civil Procedure 3.4(a) requires that "all complaints . . . by incarcerated persons shall be signed and legibly written or typewritten on forms approved by the Court." This rule applies to all incarcerated person regardless of the nature of their claims. Plaintiff should use the form provided to him to file an amended complaint and may modify the form as necessary to reflect that he is not raising a civil rights complaint.

**IT IS THEREFORE ORDERED** that Plaintiff's "Clarification" (Doc. # 10), which the Court construes as a motion for reconsideration of the screening Order, is **denied**.

DATED this 24th day of May, 2010.

_____
G. Murray Snow
United States District Judge