**WO**                                                                                                              KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Frank Pauline, Jr. | ) | No. CV 10-248-PHX-GMS (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Chris Loos, et al., | ) | |
| Defendants. | ) | |

On February 2, 2010, Plaintiff Frank Pauline, Jr., who is confined in the Corrections Corporation of America-Saguaro Correctional Center in Florence, Arizona, filed a *pro se* Complaint (Doc. #1). In a March 4, 2010 Order, the Court directed Plaintiff to pay the $350.00 filing fee or file an Application to Proceed to Proceed *In Forma Pauperis*. Plaintiff filed a deficient Application to Proceed on March 15, 2010, which the Court denied with leave to re-file. On April 9, 2010, Plaintiff filed a second Application to Proceed *In Forma Pauperis* and certified account statement. On May 4, 2010, the Court granted the second Application to Proceed and dismissed the Complaint with leave to amend. On May 14, 2010, Plaintiff filed a "Clarification" asking the Court review to Plaintiff's Complaint as originally filed. The Court denied the request.

**I.     Motion for Enlargement of Time**

On June 10, 2010, Plaintiff filed a Motion for Enlargement of Time (Doc. #12) in which he asks that the Court grant him an additional 15 days to file a first amended complaint. The Court will grant the Motion. Plaintiff will have 15 days from the date this

**JDDL-K**

Order is filed to file an amended complaint that complies with the Court's May 4, 2010 Order.

**II.    Warnings**

    **A.    Release**

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

    **B.    Address Changes**

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

    **C.    Copies**

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

    **D.    Possible "Strike"**

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in the May 4, 2010 Order, the dismissal will count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

**E. Possible Dismissal**

If Plaintiff fails to timely comply with every provision of the May 4, 2010 Order, or this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's June 10, 2010 Motion for Enlargement of Time (Doc. #12) is **granted**.

(3) Plaintiff has **15 days** from the date this Order is filed to file a first amended complaint in compliance with the May 4, 2010 Order.

(4) If Plaintiff fails to file an amended complaint within 15 days, the Clerk of Court must, without further notice, enter a judgment of dismissal of this action with prejudice that states that the dismissal counts as a "strike" under 28 U.S.C. § 1915(g).

DATED this 15th day of June, 2010.

G. Murray Snow
United States District Judge