**WO**                                                                                                          KM

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Frank Pauline, Jr., | ) | No. CV 10-248-PHX-GMS (MHB) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Chris Loose, et al., | ) | |
| Defendants. | ) | |

On February 2, 2010, Plaintiff Frank Pauline, Jr., who is confined in the Corrections Corporation of America-Saguaro Correctional Center in Florence, Arizona, filed a *pro se* Complaint (Doc. 1). In a March 4, 2010 Order, the Court directed Plaintiff to pay the $350.00 filing fee or file an Application to Proceed to Proceed *In Forma Pauperis*. Plaintiff filed a deficient Application to Proceed on March 15, 2010, which the Court denied with leave to re-file. On April 9, 2010, Plaintiff filed a second Application to Proceed *In Forma Pauperis* and certified account statement.

By Order filed May 4, 2010, the Court granted Plaintiff *in forma pauperis* status and dismissed the Complaint with leave to amend. On July 2, 2010, after receiving an extension of time, Plaintiff filed a First Amended Complaint (Doc. 14). The Court will dismiss the Amended Complaint and this action.

**I.     Section 1915(e)(2), 28 U.S.C.**

When a plaintiff is permitted to proceed *in forma pauperis*, the Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or

malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). Plaintiff's Amended Complaint will be dismissed for failure to state a claim.

## II. Amended Complaint

In his Amended Complaint, Plaintiff sues Chris Loose, Rick Castberg, Harper Collins Publishing, and Avon Books. Although extremely vague, Plaintiff appears to claim that Defendants wrote and published a book based on his criminal conviction without his authorization. Plaintiff appears to assert claims of negligence, libel, and copyright infringement. Plaintiff seeks monetary damages and injunctive relief.

## III. Improper Venue

Title 28 U.S.C. § 1391(b) provides that a civil action in which jurisdiction is not based on diversity may be brought only in:

> (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff does not base jurisdiction for this action in the Court's diversity jurisdiction, but rather states that jurisdiction for this action is based on "copyright infringement." Although Plaintiff's jurisdictional basis is not clear, Plaintiff states that the events at issue in this case occurred in Hilo, Hawaii. Moreover, it appears that the individual Defendants reside in Hawaii. Plaintiff makes no allegations regarding the location of the corporate Defendants, but they do not appear to reside in Arizona.[1] Accordingly, pursuant to 28 U.S.C. § 1391(b), venue is not proper in this District.

---

[1] The Harper Collins Publishers' website states that Harper Collins is headquartered in New York. See http://www.harpercollins.com/footer/companyprofile.aspx. Avon Books is a publishing imprint of Harper Collins. Id.

| | |
|---|---|
| 1 | Pursuant to 28 U.S.C. § 1406(a), the Court may dismiss or transfer any action "laying venue in the wrong division or district." 28 U.S.C. § 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The decision to transfer under section 1404(a) lies within the discretion of the district court and is to be determined upon notions of convenience and fairness on a case-by-case basis. Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988). |

The Court will decline to transfer this action to the United States District Court for the District of Hawaii because Plaintiff has not filed a viable Amended Complaint. First, the Court notes that Plaintiff's basis for jurisdiction is extremely vague. Although federal courts have exclusive jurisdiction over actions that arise under federal copyright law, the fact that an action involves a copyright issue alone does not satisfy federal jurisdictional requirements. Vestron, Inc. v. Home Box Office, Inc., 839 F.2d 1380, 1381 (9th Cir. 1988). "[A]n action arises under the federal copyright laws if and only if the complaint is for a remedy expressly granted by the [Copyright] Act, . . . or asserts a claim requiring construction of the Act, . . . or, at the very least and perhaps more doubtfully, presents a case where a distinctive policy of the Act requires that federal principles control the disposition of the claim." Id. In this case, Plaintiff has not alleged that he owns a copyright over the materials in question nor is it clear that Plaintiff's claims arise under federal copyright law–Plaintiff's claims may be more appropriately brought pursuant to state tort law.

Further, it appears that Plaintiff's claims are barred by the statute of limitations. The statute of limitations for violation of federal copyright law is three years. 17 U.S.C. § 507(b). The book at issue in this case was published in 2003, nearly seven years before Plaintiff filed the present action.

Because the Court finds that transfer to another district is not appropriate, the Court will dismiss this action for improper venue.

. . .

. . .

1    **IT IS ORDERED** that the Amended Complaint (Doc. 14) and this action are
2 **dismissed** without prejudice for improper venue pursuant to 28 U.S.C. § 1391(b).
3    DATED this 20th day of July, 2010.

*signature*
G. Murray Snow
United States District Judge